In the Interest of D.L.B., A Minor.

A.L., Petitioner-Appellee,

v.

S.B.B., Respondent-Appellant.

No. 83–600.

Court of Appeals of Iowa.

Dec. 27, 1983.

James M. Haney, Council Bluffs, for respondent-appellant.

C.R. Hannan of Perkins, Sacks & Hannan, Council Bluffs, for petitioner-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

DONIELSON, Judge.

Respondent father appeals from the trial court's order terminating his parental rights. The child's mother filed the petition to terminate respondent's rights under Iowa Code ch. 600A on the grounds of abandonment and failure to pay child support. On appeal, respondent claims that the trial court erred by terminating his rights where no guardian ad litem had been appointed and where the petition did not include a prayer specifically asking the court to terminate his parental rights. He also contends that Iowa Code ch. 600A denies due process on its face and as applied because it allows termination of parental rights without a showing that termination is necessary to avoid harm to the child or to foster the child's best interests. Finally, he contends the evidence in this case did not establish that termination of his parental rights is in the child's best interests. We reverse and remand.

D.L.B. was born in October of 1977. Her parents were married to each other at that time; however, the marriage was dissolved in 1978. The dissolution decree placed the child in petitioner's custody, directed respondent to pay child support, and granted him "reasonable" but unspecified visitation rights. The child has been in petitioner's custody continuously since the dissolution decree. Respondent has not seen the child since January of 1980, and has not contributed to her support since May of 1980. In January of 1983, this petition was filed pursuant to Iowa Code ch. 600A seeking to terminate respondent's parental rights on grounds of abandonment and failure to pay support. Early in the proceedings the trial court declined to appoint a guardian ad litem, stating that a guardian ad litem was not necessary because petitioner in the termination proceeding was the child's mother and legal guardian, whose interests did not conflict with the interests of the child. After a hearing, the trial court terminated respondent's parental rights on grounds of abandonment and failure to pay support. He has appealed.

I.

■ We first dispense with respondent's argument that the court should not have terminated his parental rights where the petition did not make that specific request. First, it is clear that the petition gave full notice as to the relief sought by petitioner mother. It was entitled "Petition for Termination of Parental Rights" which title was repeated in the preamble and in the verification. Paragraph four of the petition stated the mother's belief that it "should be granted" due to respondent's abandonment of the child and his failure to pay support. In any event, the statute which lists the required contents of a petition to terminate parental rights, Iowa Code § 600A.5(3), does not require the petition to contain an explicit request for termination. The petition was sufficiently drawn to raise the termination issue.

II.

■ Respondent also contends that the trial court erred in proceeding below without appointing a guardian ad litem for the child. We agree. Under Iowa Code section 600A.6(2), the juvenile court is directed to "appoint a guardian ad litem for a minor if the child does not have a guardian or if the interests of the guardian conflict with the interest of the child." In this case, petitioner does not qualify as the child's "guardian" since that term is defined in section 600A.2(7) in part as "a person who is *not* the parent of [the] minor child" (emphasis added). Here, of course, petitioner is the child's mother. It is clear, therefore, that the court was required to appoint a guardian ad litem for the child in this case; the court's failure to do so necessitates reversal of the court's order and remand for a new hearing. We are aware of our duty to construe the provisions of ch. 600A liberally. Iowa Code § 600A.1. This duty, however, cannot be taken as a license to ignore clear statutory mandates.

### III.

Because of our decision in division II above, we do not consider at this time respondent's constitutional challenge to the application of ch. 600A. We do not reach constitutional issues if a narrower ground is decisive. *In re Marriage of Kramer,* 297 N.W.2d 359, 361 (Iowa 1980). The order terminating respondent's parental rights is reversed and the case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.