677 P.2d 643
**In the Matter of the ADOPTION OF John DOE, a minor child.**

**No. 7338.**

Court of Appeals of New Mexico.

Feb. 14, 1984.

Randy Knudson, Doerr & Knudson, Clovis, for respondent-appellant.

OPINION

ALARID, Judge.

This case involves the natural father's appeal from an adverse trial court order terminating his parental rights, pursuant to NMSA 1978, § 40–7–4(B) (Repl.Pamp.1983). We reverse and remand.

The natural father (hereafter referred to as Respondent) married the natural mother (hereafter referred to as Petitioner) on September 28, 1979. They had a child, John Doe, the subject of an adoption proceeding related to this case. The natural parents were separated in May 1981, and received a divorce in California, where the parties were living, in December of that year. The Petitioner was awarded custody of the child and the Respondent was ordered to pay $75.00 per month in child support. Respondent was unemployed at that time.

Petitioner moved to Clovis, New Mexico in February 1982, with her child, to live with a man she subsequently married and who is seeking to adopt the child. They were married in September 1982. On March 3, 1983 the step-father filed a petition to adopt John Doe. The natural mother joined in this petition which also sought to terminate Respondent's parental rights.

Pursuant to that petition, the trial court, on July 12, 1983, terminated Respondent's parental rights and allowed the Petitioners to proceed with the adoption of the minor child. Respondent appeals from this decision, but the Petitioners, as appellees, did not file an answer brief.

A guardian ad litem was not appointed for the child in the parental termination proceeding below. NMSA 1978, § 40–7–4(I) (Repl.Pamp.1983) states, "The court shall appoint a guardian ad litem for the child in all contested proceedings for termination."

The statute is mandatory in its terms. *See Security Trust v. Smith,* 93 N.M. 35, 596 P.2d 248 (1979). Absent the appointment of a guardian ad litem for the child, the judgment has no binding effect. We need not reach any other issue.

Accordingly, we reverse with directions to set aside the judgment of the trial court, appoint a guardian ad litem for the child, pursuant to Section 40–7–4(I), and proceed anew.

IT IS SO ORDERED.

HENDLEY and BIVINS, JJ., concur.