674 So.2d 207 (1996)
Calandra FISHER, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 95-1909.
District Court of Appeal of Florida, Fifth District.
May 31, 1996.
Howard M. Cullimore, Cocoa, for Appellant.
Cindy M. Rothfeld, Cocoa, for Appellee.
THOMPSON, Judge.
Calandra Fisher appeals the termination of his parental rights to C.F.[1] His only argument on appeal is that the trial court committed fundamental error when the guardian ad litem appointed for C.F. did not serve the entirety of C.F.'s case. We affirm.
C.F. was adjudicated dependent on 15 February 1993 because she tested positive for cocaine on two occasions after her birth.[2] At the dependency hearing, the trial court found that both parents also tested positive for cocaine. C.F. was adjudicated dependent and placed in the custody of the Department of Health and Rehabilitative Services ("HRS"). A guardian ad litem was appointed for C.F. in May 1993 and served until his resignation in September 1994. The trial court entered a final judgment terminating both parents' parental rights on 29 June 1995. We find the case of In re E.F., 639 So.2d 639 (Fla. 2d DCA 1994) controlling.
In E.F., the trial court terminated the parental rights of A.D. although her children for the most part had not been represented by a guardian ad litem. Id. at 639. The trial court was not able to appoint a guardian ad litem because none was available. The Second District wrote that although the legislature had mandated the use of guardians ad *208 litem in parental termination proceedings, no program had been implemented to provide an adequate supply of guardians. Thus, trial courts were forced to rely upon an insufficient number of volunteers. Id. at 640. The court held that it was not fundamental error if the trial court unsuccessfully attempted to appoint volunteer guardians as long as the rights of the children were safe-guarded by the court, HRS and the foster parents. Id. at 644.
The facts in this case are similar. In this case, a guardian was appointed to protect the interest of C.F. The guardian served until his resignation several months later. After the appointed volunteer guardian resigned, the trial court entered repeated orders referring the case to the guardian ad litem program, however, none was appointed. The former guardian did testify at the termination hearing. He testified that he saw C.F. and her sister N.F. at their foster home after he resigned. Further, he said that he had recommended that parental rights be terminated in March 1994, well before HRS set the termination case in motion. We find no fundamental error. The record does not show that C.F.'s rights were not adequately protected by the court, HRS, and the foster parents. Further, the guardian discharged his duties. He represented the interest of the child through a substantial portion of the case, recommended termination of Fisher's parental rights before he resigned, and testified at trial.
Finally, the continued service of the guardian would not have changed the outcome of this case. As stated by the court in E.F.:
A guardian ad litem might have eased and speeded the children's trip through foster care, but it is highly unlikely that the guardian would have prevented this termination.
Id. at 645.
We affirm the entry of the final judgment terminating parental rights.
AFFIRMED.
W. SHARP and HARRIS, JJ., concur.
NOTES
[1] Although the parental rights of both parents were terminated, this opinion concerns only the appeal of the father.
[2] C.F.'s sister, N.F., was also adjudicated dependent in a separate proceeding. The parental rights were terminated as to both children at the same hearing, but in two separate cases.