731 So.2d 828 (1999)
Tony VESTAL, Appellant,
v.
Trixy VESTAL, Appellee.
No. 98-2141.
District Court of Appeal of Florida, Fifth District.
May 7, 1999.
A. Russell Smith of Law Offices of A. Russell Smith, P.A., Jacksonville, for Appellant.
John R. Forbes, Jacksonville, for Appellee.
GOSHORN, J.
Appellant appeals the final judgment terminating his parental rights to his daughter, C.V. Appellant raises several issues, one of which we find dispositive. We reverse and remand for further proceedings consistent herewith.
Appellant and his ex-wife ("Appellee") divorced in 1993. In the dissolution judgment, Appellee was awarded primary custody of C.V., and Appellant was allowed visitation. In March 1995, Appellant's visitation rights were suspended based on Appellee's allegations that Appellant had sexually battered the child. On June 1, 1998, Appellant sought to modify the order suspending his visitation rights, and Appellee immediately petitioned for termination of Appellant's parental rights based on the alleged 1995 sexual battery. A trial on the termination petition was held in June and July 1998, after which the court entered an order terminating Appellant's parental rights. No guardian ad litem testified at the trial, as none was ever appointed in this case as required by statute and rule. We agree with Appellant that the failure to appoint a guardian under the facts in this case constitutes reversible error.
Paragraph 39.465(2)(a), Florida Statutes (1997), provides, "The court shall appoint a guardian ad litem to represent the child in any termination of parental rights proceedings and shall ascertain at each stage of the proceedings whether a guardian ad litem has been appointed." Additionally, Florida Rule of Juvenile Procedure 8.510(a)(2) provides in part that as soon as possible after the termination petition is served, an advisory hearing must be held at which "[t]he court must ... appoint a guardian ad litem if one has not already been appointed." Indisputably, these provisions were not complied with in this case.
Appellee correctly notes that Appellant has raised the issue of the lack of a guardian for the first time on appeal and that this court has held that failure to appoint a guardian in a termination case is not fundamental *829 error. See Fisher v. Department of Health & Rehabilitative Servs., 674 So.2d 207 (Fla. 5th DCA 1996). However, Fisher and the case upon which it relied, In re E.F., 639 So.2d 639 (Fla. 2d DCA 1994), are distinguishable from the instant case, in which we find that the failure to appoint a guardian warrants reversal despite the lack of an objection below.
In E.F., the Second District found that the error in not appointing a guardian was not fundamental, although noting that courts in other states have held otherwise. However, the E.F. court noted that the lower court had sought the designation of a guardian, but no guardian was made available. The court also held on the facts before it that the mother whose rights were terminated had not been harmed by the lack of a guardian, finding that the children's interests had been adequately protected by the trial court, HRS, and foster parents. In Fisher, this court found E.F. controlling due to the similar facts. A guardian had been appointed in Fisher and had served several months before resigning. The trial court repeatedly tried to replace the guardian but was unsuccessful. We noted that the guardian "represented the interest of the child through a substantial portion of the case" and held that the child's rights were "adequately protected by the court, HRS, and the foster parents." 674 So.2d at 208.
In contrast to E.F. and Fisher, in the instant case no guardian was ever appointed, and apparently no appointment was even attempted. Additionally, here there were no foster parents and very little HRS involvement; HRS was involved for a short time in 1995 but dropped the case once Appellant's visitation rights were suspended. Due to the lack of a guardian or foster parents to testify in this case, along with the inconclusiveness of the medical evidence, the trial essentially became a credibility contest between an ex-wife and an ex-husband. Under these circumstances, we find that the failure to appoint a guardian constitutes reversible error despite the failure of Appellant to raise the issue below. Such an appointment was necessary to adequately represent the child's interests.
We also note that it is not clear whether the trial judge applied the correct standard of proof. The termination order purports to apply the correct "clear and convincing" standard, but then equivocally finds "by clear and convincing evidence there is an overwhelming likelihood" of abuse. (Emphasis added). Although we express no opinion on whether the evidence in this case could have satisfied the clear and convincing standard, the appealed order as written falls short of the findings required, especially in conjunction with the lack of a guardian. Accordingly, we reverse the termination order and remand for further proceedings consistent with this opinion. We note that our reversal of the termination judgment does not disturb the order suspending Appellant's visitation, which remains in effect until modified or revoked.
REVERSED and REMANDED for further proceedings.
COBB and ANTOON, JJ., concur.