2012 OK CIV APP 76

**Bryan C. PAIN, Plaintiff/Appellee,**

v.

**Richard Clayton SIMS, Defendant/Appellant,**

and

**Snarky's Hideaway, Defendant.**

**No. 109440.**

Court of Civil Appeals of Oklahoma, Division No. 1.

July 9, 2012.

Clifton D. Naifeh, Naifeh & Associates, Norman, Oklahoma, for Plaintiff/Appellee.

William J. Molinsky, Jr., Naureen Hubbard, Molinsky Law Firm, P.C., Edmond, Oklahoma, for Defendant/Appellant.

KENNETH L. BUETTNER, Presiding Judge.

¶1 Defendant/Appellant Richard Clayton Sims appeals from judgment entered on a jury verdict for Plaintiff/Appellee Bryan C. Pain. Prior to trial, Pain settled with Defendant Snarky's Hideaway (Snarky's). Sims argues that according to 12 O.S.2011 § 832(H), the trial court erred by not offsetting the actual damages awarded by the jury with the settlement amount. We hold that § 832(H) does not apply, because evidence of Snarky's liability as a joint tortfeasor was not presented to the jury. We affirm.

¶2 Pain initiated this personal injury action after his vehicle was rear-ended by Sims while Sims was under the influence of alcohol. Upon learning that Sims was served alcohol at Snarky's a few hours before the accident, Pain amended his Petition and added Snarky's as a defendant. In a pretrial settlement, Snarky's paid $90,000.00 in exchange for Plaintiff's Dismissal With Prejudice and Release of Claims against Snarky's (the Release). Thereafter, the case proceeded to trial against Sims, which resulted in a verdict for Pain. The jury awarded Pain $85,000.00 in actual damages and $85,000.00

in punitive damages. The trial court accepted the verdict and, after concluding it was in proper form, filed it. Pain submitted a proposed Journal Entry of Judgment based on the jury verdict. Sims objected to the Journal Entry of Judgment, because it did not reduce the amount of actual damages by the amount of Snarky's pretrial settlement. Pain filed a Motion to Settle Journal Entry of Judgment and argued that the offset provision did not apply because Snarky's denied liability and, therefore, was not a tortfeasor under 12 O.S. § 832(H)(1). Sims filed a Response and argued that the damages should be offset because Snarky's admitted liability when it paid $90,000.00 in exchange for the Release. The trial court granted Pain's motion and entered judgment for $176,833.18. Sims appeals.

¶3 Sims argues that the trial court erred by refusing to apply the $90,000.00 pretrial settlement payment to the actual damages verdict, as required by the Oklahoma Uniform Contribution Among Tortfeasors Act. 12 O.S. § 832(H)(1). Section 832 provides:

H. *When a release, covenant not to sue, or a similar agreement is given in good faith to one of two or more persons liable in tort for the same injury* or the same wrongful death:

1. It does not discharge any other tortfeasor from liability for the injury or wrongful death unless the other tort-feasor is specifically named; but *it reduces the claim against others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it,* whichever is greater. . . .

12 O.S. § 832(H) (emphasis added). Sims maintains that the settlement payment made by Snarky's should apply as a credit towards the judgment.

¶4 Pain claims that Sims's argument is contrary to the settled law of Oklahoma because there was no finding or admission of Snarky's fault nor was Snarky's liability presented to the jury. Further, Pain maintains Sims admitted to being the sole tortfeasor at fault, and the jury found the same. Pain

asserts that Snarky's repeatedly denied liability, and was never allocated any fault by the jury.

¶ 5 Sims relies on *Anderson v. O'Donoghue*, 1983 OK 76, 677 P.2d 648, where the trial court deducted a pretrial settlement before arriving at the judgment amount. The relevant issue in *Anderson* concerned a jury instruction for liability apportionment that was not properly objected to by a non-party defendant. *Id.* at 653. The Court determined:

> The remaining issue on appeal relates to the settlement of St. Anthony Hospital's potential liability prior to trial and the effect of that event on subsequent proceedings. It is alleged that the trial court erred in not instructing the jury it could apportion a percentage of the negligence causing the damage to St. Anthony Hospital. *It is noted that there is no objection to the instruction given, nor was an instruction offered* by Appellant Carey. Under such a circumstance, *absent proper objection and notations required by statute, review on appeal is limited to erroneous statements of fundamental law appearing on the face of the instructions actually given .... No provision for apportionment was made for the defendant, St. Anthony's. The hospital had settled by the time of trial. The trial judge properly deducted the amount of settlement from the verdict before arriving at the judgment amount.*

*Id.* at 652 (emphasis added). The Supreme Court of Oklahoma agreed with the trial court's decision, holding that its use of the statute was correct. *Id.*

¶ 6 Section 832 was again interpreted by the Oklahoma Court of Civil Appeals in *Cleere v. United Parcel Service, Inc.*, 1983 OK CIV APP 29, 669 P.2d 785. The Court held that "it is the function of the trial court to make as a reduction from the jury verdict rendered the compensation already received by plaintiff from absent tortfeasors because of settlement." *Id.* If we were to follow *Cleere,* the Release itself would be sufficient to satisfy the plain language of § 832(H). However, *Cleere* and *Anderson* both have been effectively overruled by the more recent decision in *Nichols v. Mid–Continent Pipe Line Co.,* 1996 OK 118, 933 P.2d 272.

¶ 7 In *Nichols,* the plaintiffs settled with one of the defendants, subsequently dismissing that defendant from the case. *Id.* at 280. The Supreme Court of Oklahoma held that the non-settling defendant, if it wished to pursue a § 832(H) credit, was required to press for a jury assessment of the settling defendant's "ghost tortfeasor" liability. *Id.* In *Nichols,* the settling defendant's liability was not submitted to the jury during the trial. *Id.* Ultimately, the non-settling defendant was not allowed the damages offset. *Id.*

¶ 8 The Court further explained that "A judgment debtor's § 832(H) claim to settlement proceeds' credit is conditioned upon the settling party's liability in tort for the same injury." *Id.* The Court held that since the non-settling defendant could not satisfy the statutory requirements in § 832(H) showing common liability, it was not entitled to offset the settlement proceeds against the judgment. *Id.*

¶ 9 The *Nichols* rule has since been recognized in *Capshaw v. Gulf Ins. Co.,* 2005 OK 5, 107 P.3d 595, in which the Oklahoma Supreme Court, citing *Nichols,* declared that a pretrial settlement could not be used as a credit against the plaintiff's eventual recovery against remaining, non-settling defendants where the settling defendant's liability was not submitted to the jury. 2005 OK 5 ¶ 13, 107 P.3d 595, 603. The Court explained this was because the non-settling defendant has the "power to preserve its claim for this credit by either a pre-submission exception to the blank verdict form or a post-submission exception when the verdict was returned." *Id.*

¶ 10 The Court's holding in *Nichols* is clear: a pretrial settlement cannot be used as a credit where the ghost tortfeasor's liability was not submitted to the jury. We are constrained to apply the rule in *Nichols.*[1]

---

**1.** According to the Restatement (Second) of Torts § 885(3) (1979), "[a] payment made in compensation of a claim for a harm for which others are liable as tortfeasors diminishes the claim against

There has not been a trial showing of common liability in the present case. Moreover, absent any liability ascription to Snarky's as a non-party co-actor, Sims stands relegated to the language of the Snarky's settlement agreement. *Nichols*, 1996 OK 118, 933 P.2d at 280. The settlement agreement's terms offer no legal warrant for extending its benefits to Sims. *See id.*

¶ 11 Here, because Sims failed to object to the verdict form, which did not list Snarky's as a joint tortfeasor, he effectively waived the right to a credit of the settlement against the judgment. *See* Charles W. Adams, "Recent Developments in Oklahoma Civil Procedure," 33 Tulsa L.J. 539, 554 (1997). "If the defendant who remained in the case had wanted to obtain a credit for the settlement, that defendant should have pressed for the jury to find that the settling defendant was partially liable by objecting to the trial court's form of the verdict that excluded the settling defendant from liability." *Id.* at 555 (citing *Nichols*, 1996 OK 118, 933 P.2d at 280). *Nichols* resulted in a plaintiff's entitlement to "collect the full amount from the other defendants, without any credit or reduction for the amount of the settlement pursuant to the Uniform Contribution Among Tortfeasors Act in section 832 of title 12." *Id.*

¶ 12 Moreover, we are not persuaded by Sims's reliance on *Anderson.* In this case, no instructions were offered to the jury that concerned the apportionment of negligence to Snarky's. Further, the deduction in *Anderson* occurred *before* the verdict was entered. As stated in *Nichols*, the non-settling defendant lost its opportunity to apply a § 832(H) credit when it failed to:

> interpose either (1) a pre-submission objection to the trial court's form of verdict on the nuisance claim (which excluded [settling defendant] ), or (2) a post-submission objection—*before* the jury's discharge—when the verdict was brought into the courtroom but before its acceptance by the trial judge. Either procedural vehicle was available to secure the jury's assessment of [settling defendant's] non-party liability. . . .

*Nichols*, 1996 OK 118, 933 P.2d at 280. (emphasis added). The jury's opportunity to allocate fault to a settling defendant is critical to a non-settling defendant's demand for a settlement proceeds' credit. *Id.*

¶ 13 Snarky's liability was never presented to the jury, which the Oklahoma Supreme Court has required for a § 832(H) offset. Therefore, the trial court correctly refused to apply the settlement as a credit to the actual damages awarded by the jury.

¶ 14 AFFIRMED.

JOPLIN, V.C.J., and MITCHELL, J. (sitting by designation), concur.

---

the tortfeasors, at least to the extent of the payment made, whether or not the person making the payment is liable to the injured person and whether or not it is so agreed at the time of payment or the payment is made before or after judgment." "The older rule was that the payments did not diminish the claim, *which in effect allowed double compensation to the plaintiff* . . . . This has now generally given way to the rule stated, that the claim is diminished if compensation was intended." Restatement (Second) of Torts § 885 cmt. f (emphasis added). The potential concern in applying *Nichols* is that it operates to effect a double recovery for plaintiffs. "The law abhors duplicative recoveries . . ." 22 Am.Jur.2d *Damages* § 28. A plaintiff in a civil action is not entitled to a windfall, and the law will not put him in a better position than he would be had the wrong not been done. *Id.* However, due to the modernity of the Oklahoma Supreme Court's decision, we are bound to apply the *Nichols* rule here.