

# Missouri Court of Appeals

## Southern District

### Division Two

ESTHER A. WILSON, )
ALEC WILSON, )
and ESTHER A. WILSON, )
as Personal Representative of the )
Estate of KELLI A. WILSON, deceased, )
)    No. SD35233
Plaintiffs-Appellants, )    Filed: January 9, 2019
)
vs. )
)
NEW PRIME, INC., )
)
Defendant-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Michael J. Cordonnier, Circuit Judge

### **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS**

Esther A. Wilson, Alec Wilson, and Esther A. Wilson as Personal Representative of the

Estate of Kelli A. Wilson, deceased (collectively the "Wilsons") appeal the trial court's judgment

dismissing their petition, pursuant to a motion to dismiss filed by New Prime, Inc. ("New Prime").

On appeal, the Wilsons assert the trial court erred in sustaining New Prime's motion to dismiss.

We agree and reverse and remand for further proceedings consistent with this opinion.

**Facts and Procedural History**

The trial court's succinct factual summary gives appropriate context for the instant appeal:

> The facts underlying the issue are not in dispute. The case involves the alleged wrongful death of Kelli A. Wilson [Decedent] who died in 2016 as a result of a traffic accident on an interstate highway in Oklahoma. [Decedent] is survived by the Plaintiffs. Plaintiffs are all residents of Oklahoma, and the personal representative of the estate of [Decedent] serves pursuant to her appointment by the Probate Court in Oklahoma. Defendant New Prime, Inc. is a Nebraska corporation, with offices in Greene County, Missouri.
>
> At the time of the accident, [Decedent] was a passenger in an automobile operated by Jennifer T. Bizeau (Bizeau). The collision occurred between the automobile operated by Bizeau and a truck operated by Defendant's employee. The collision was also complicated, and perhaps contributed to, by poor visibility on the interstate highway as a result of smoke from a fire set by James L. Kafer (Kafer). Bizeau and Kafer are also Oklahoma residents.
>
> . . . .
>
> Plaintiffs . . . chose[] to file their Petition in Greene County, Missouri seeking damages against Defendant only. Plaintiffs claim[ed] Defendant's actions caused or contributed to cause the death of [Decedent]. Plaintiffs . . . chose[] not to include as persons with potential responsibility either Bizeau or Kafer.[1]

On June 20, 2017, New Prime filed a motion to dismiss the Wilsons' petition. Relying on Rule 52.04(b),[2] New Prime's motion argued that: "complete relief cannot be accorded unless all possibly negligent parties are before the court[]"; "'someone or some combination of people will almost certainly be found responsible for [Decedent's] death[]'"; and "any judgment rendered in [Kafer] and [Bizeau]'s absence would be prejudicial to [New] Prime . . . [because they] cannot be assigned any causal responsibility for the accident because they are not parties."

On July 24, 2017, the Wilsons filed a response opposing the motion to dismiss, arguing that "Missouri courts have divested [sic] power in plaintiffs to file suit against any and/or all

---

[1] We do not, by recitation, mean to adopt or endorse the legal intimations (or conclusions) embedded in this passage.

[2] All rule references are to Missouri Court Rules (2018).

2

potential wrongdoers under Missouri's wrongful death statute (§ 537.080),[3] and . . . Plaintiffs have the right to bring suit against the party or parties of their choosing." In addressing Rule 52.04(b), the Wilsons indicated that "Bizeau and Kafer are not 'necessary' for complete relief to be available. Plaintiffs are allowed to fully recover for the wrongful death action against New Prime . . . if they prove their case."

The trial court granted New Prime's motion to dismiss on October 16, 2017. In its "Order of Dismissal," the trial court found that Bizeau and Kafer were necessary parties because New Prime could not, "as a practical matter" be accorded complete relief in their absence. The trial court directed the Wilsons to the alternative forum of Oklahoma, and dismissed their petition for the reason that New Prime had no "opportunity or legal ability to bring into court either Bizeau or Kafer, as third-parties to Plaintiffs' claim, because . . . [a] Missouri [c]ourt cannot exercise jurisdiction over Bizeau and Kafer." This appeal followed.[4]

On August 22, 2018, this Court *sua sponte* issued an Order directing "the parties to file written suggestions as to whether choice-of-law considerations affect a proper Rule 52.04 analysis herein." The parties duly filed such suggestions. We now examine the choice-of-law issue before this Court.

**Analysis**

Missouri cases have consistently held that "the substantive law of the state in which the fatal injury occurred should apply to the cause of action for wrongful death." ***Thompson v. Crawford***, 833 S.W.2d 868, 870 (Mo. banc 1992). In this case, the accident and death occurred in

---

[3] All references to statutes are to RSMo as amended through 2016, unless otherwise indicated.

[4] New Prime's "Motion to Dismiss or, in the Alternative, to Stay the Above-Captioned Appeal" filed with this Court is denied.

Oklahoma, therefore, the law of Oklahoma applies pursuant to the general rule. *See id.*; Rule 52.03(a) (allowing a civil action to be brought in Missouri "[w]henever a claim exists under the law of another state[.]"). The parties have a least tacitly admitted Oklahoma law applies in this case.

Only in "exceptional cases" will Missouri courts apply the Missouri wrongful death statute extraterritorially. *Nelson v. Hall*, 684 S.W.2d 350, 357-58 (Mo.App. W.D. 1984). To make that determination, Missouri courts are guided by the RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145 ("the Restatement"). *See Thompson*, 833 S.W.2d at 870; *Kennedy v. Dixon*, 439 S.W.2d 173, 184-86 (Mo. banc 1969); *Natalini v. Little*, 185 S.W.3d 239, 247-48 (Mo.App. S.D. 2006); *Nelson*, 684 S.W.2d at 356. The Restatement contemplates application of numerous factors deriving from matters of both fact and policy. A lengthy digression on this issue is unnecessary, however, because the only relationship Missouri has to the case is the fact that New Prime's principal place of business is located in Missouri. This is simply not enough—Oklahoma law applies.

The trial court dismissed the Wilsons' petition because it reasoned that New Prime would be deprived, under Missouri law, of the opportunity to apportion the appropriate degrees of fault (and liability) to Bizeau and Kafer. However, as discussed *supra*, Oklahoma law applied, not Missouri law. Under Oklahoma law, "a tort defendant may predicate its defense on a non-party's negligence. This is known as 'ghost tortfeasor' liability."[5] *Thomas v. E-Z Mart Stores, Inc.*, 102

---

[5] *See Paul v. N. L. Indus., Inc.*, 624 P.2d 68, 70 (Okla. 1980) ("To limit the jury to viewing the negligence of only one tortfeasor and then ask it to apportion that negligence to the overall wrong is to ask it to judge a forest by observing just one tree. It cannot, and more important should not, be done. It simply is not fair to the tortfeasor which plaintiff chooses to name in his lawsuit."); *Pain v. Sims*, 283 P.3d 343, 345-46 (Okla. Civ. App. 2012); *American Agency Systems, Inc. v. Marceleno*, 53 P.3d 929, 937 n.8 (Okla. Civ. App. 2002); *cf.*, *Monfore v. Phillips*, 778 F.3d 849, 853 (10th Cir. 2015) (deriving the converse implication of "ghost tortfeasor liability," in explaining that "[u]nder Oklahoma law . . . it's not for courts to absolve defendants who elect to go to trial from damages a jury has lawfully found them personally liable for and attribute some of those sums to others *not* found liable[.]") (emphasis in original).

4

P.3d 133, 138 (Okla. 2004). This defense represents substantive law and not a procedural rule. *See* ***Ernst v. Ford Motor Co.***, 813 S.W.2d 910, 921 (Mo.App. W.D. 1991) ("A fundamental principle of conflicts is that a forum state will always apply forum procedure, but it will choose the applicable substantive law according to its own conflicts of law doctrines.").[6] The Restatement,[7] Missouri case law,[8] and Oklahoma case law[9] all recognize this distinction. The potential Rule 52.04 harm to New Prime—on which the trial court premised its dismissal of the Wilsons' petition—would have been remedied had the trial court (properly) applied Oklahoma law instead of (improperly) applying Missouri law.

Oklahoma's "ghost tortfeasor" defense was a matter obliging judicial notice,[10] and the trial court was required to apply it to the question presented by New Prime in its motion to dismiss.

---

[6] *See also*, ***Foreman v. AO Smith Corp.***, 477 S.W.3d 649, 653 (Mo.App. E.D. 2015); ***Accurso v. Amco Ins. Co.***, 295 S.W.3d 548, 551-54 (Mo.App. W.D. 2009); ***Armstrong Business Services, Inc. v. H & R Block***, 96 S.W.3d 867, 872-73 (Mo.App. W.D. 2002).

[7] "The law selected by application of the rule of § 145 determines whether damages resulting from a harm caused by two or more defendants should be apportioned between them or whether each should be held liable for the entire loss." Restatement (Second) of Conflict of Laws § 171 cmt. e., and § 178 cmt. a. & d. (1971). "The law selected by application of the rule of § 145 determines whether one tortfeasor has a right to contribution or indemnity against another tortfeasor." ***Id.*** at § 173.

[8] Missouri cases apply ***Missouri*** choice-of-law analysis when determining which state's fault statute applies. *See* ***Wilson v. Image Flooring LLC***, 400 S.W.3d 386, 391-92 (Mo.App. W.D. 2013); ***Livingston v. Baxter Health Care Corp.***, 313 S.W.3d 717, 721-24 (Mo.App. W.D. 2010). *See* note 6 of this opinion.

[9] Oklahoma case law treats application of the "ghost tortfeasor" defense as a matter of substantive law. ***CNA Insurance v. Ellis***, 148 P.3d 874, 877-78 (Okla. 2006) (obligation to pay is fixed at time of injury and cannot be changed retroactively); ***Myers v. Missouri Pacific R. Co.***, 52 P.3d 1014, 1030 (Okla. 2001) (reducing a defendant's liability); ***Sudbury v. Deterding***, 19 P.3d 856, 859-60 (Okla. 2001) (increase in damages statute was a substantive change rather than procedural).

[10] Notably, the record indicates that New Prime never brought this to the trial court's attention. Instead, New Prime presented the trial court with this dichotomy: (1) unjust non-joinder (and non-allocation of fault to potential tortfeasors) in Missouri, or (2) dismissal of the Wilsons' petition. New Prime's proper remedy was to file a motion requesting that it be allowed to apportion liability to non-party tortfeasors pursuant to Oklahoma law. Nevertheless, waiver is not implicated: "In every action or proceeding wherein the pleading . . . contains allegations which show that the law of another state must be applied, the courts of this state ***shall*** take judicial notice of the public statutes and ***judicial decisions*** of said state." Rule 55.21(b) (emphasis added). The Wilsons' petition contained allegations sufficient to put the parties and the trial court on notice that the cause of action was being pled under Oklahoma law. Rule 55.21(b) uses ***mandatory*** language ("shall") to import a ***mandatory*** trial court duty—thus, waiver is inapplicable.

5

The trial court failed to do so.  That liability could (potentially or theoretically) be apportioned to non-parties was, therefore, insufficient legal justification for a Rule 52.04 dismissal under these facts, and the trial court committed prejudicial error in dismissing the Wilsons' petition on that basis.

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

WILLIAM W. FRANCIS, JR., P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. - CONCURS

DANIEL E. SCOTT, J. – CONCURS AND FILES SEPARATE CONCURRING OPINION



# Missouri Court of Appeals

## Southern District

### Division Two

ESTHER A. WILSON, ALEC WILSON, )
and ESTHER A. WILSON, )
as Personal Representative of the )
Estate of KELLI A. WILSON, deceased, )
)
    Plaintiffs-Appellants, )    No. SD35233
)    Filed: January 9, 2019
vs. )
)
NEW PRIME, INC., )
)
    Defendant-Respondent. )

## <u>CONCURRING OPINION</u>

Oral argument confirms that Oklahoma law likely applies no matter where this trial occurs, so the trial court should have considered it, yet neither party advised the court, which then cited Missouri's much-different substantive law in dismissing the case. Our principal opinion could exhaustively detail other cases and authorities supporting the result we reach, but counsel's commendable candor in the foregoing respects makes that unnecessary. I concur.

DANIEL E. SCOTT, J. – CONCURRING OPINION AUTHOR