# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-1927
Filed March 11, 2026

———————————

**In the Interest of M.S. and J.S., Minor Children,**

**H.R., Mother,**
Petitioner-Appellee,

**T.S., Father,**
Respondent-Appellant.

———————————

Appeal from the Iowa District Court for Story County,
The Honorable Hunter W. Thorpe, Judge.

———————————

**REVERSED AND REMANDED**

———————————

Cathleen J. Siebrecht of Siebrecht Law Firm, Pleasant Hill, attorney for
appellant father.

Nicole S. Facio of New Point Law Firm, PLC, Ames, attorney for appellee
mother.

———————————

Considered without oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Langholz, J. Concurrence in the Judgment by Buller, J.

1

**LANGHOLZ, Judge.**

A father appeals the private termination of his parental rights under Iowa Code chapter 600A (2024). He raises several claims of error. But we need only address one. Because the juvenile court failed to appoint a guardian ad litem for the two children as required by Iowa Code section 600A.6(2), we must reverse and remand for the court to appoint a guardian ad litem and conduct a new termination hearing.

In July 2024, a mother petitioned to terminate the father's parental rights to their two children—a then-nine-year-old son and an eleven-year-old daughter—under Iowa Code chapter 600A. According to the mother's petitions, the children have been in her sole legal custody and physical care since the parties' divorce. She also alleged the father failed "to have substantial and meaningful contact with the [children] by not physically visiting with [them] since August, 2021." And she alleged that the father was ordered to pay $75 in monthly child support and has never done so.

The mother also alleged in her petitions that "[t]he appointment of a Guardian Ad Litem is not necessary as the minor [children's] interests are appropriately protected by the [mother]." Without the assistance of counsel, the father filed a handwritten motion making many requests, including for the court to "[l]ocate a Guardian ad litem Attorney not affiliated with the 2nd Judicial District Judges or [the mother's attorney] or the Story County Attorney's Office." Three days later, the court issued amended orders setting the termination hearing and finding that each "child's interest[s] are adequately protected and represented by the petitioner and no GAL is necessary for the child[ren]."

The father was appointed an attorney to represent him but fired the attorney before the October termination hearing. He initially appeared at the

hearing to represent himself. But right before the hearing was to begin, he left the courtroom because his "relationship with the Second Judicial District" was such that he believed he "could not receive a fair and impartial trial" and he needed "to remove [himself] from the situation." The hearing proceeded without the father or a guardian ad litem for the children. And the court later terminated the father's parental rights to both children.

The father now appeals, arguing that the court erred by (1) failing to appoint a guardian ad litem for the children; (2) proceeding with the hearing without appointing the father new counsel; (3) finding that the mother proved a statutory ground for termination; (4) and finding that termination is in the children's best interests. We review this private termination proceeding de novo. *See In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020).

The father's first argument resolves this appeal. So we start and end there. Iowa Code section 600A.6(2)(a) requires the juvenile court to "appoint a guardian ad litem for a minor child if the child does not have a guardian or if the interests of the guardian conflict with the interests of the child." And "guardian" is a defined term for chapter 600A that "means a person *who is not the parent of a minor child*, but who has been appointed by a court or juvenile court having jurisdiction over the minor child to make important decisions which have permanent effect on the life and development of that child and to promote the general welfare of that child." *Id.* § 600A.2(10) (emphasis added).

A parent thus "does not qualify as the child's 'guardian'" under these statutes. *In re D.L.B.*, 345 N.W.2d 147, 148 (Iowa Ct. App. 1983). So it matters not whether the court finds that the interests of the child do not conflict—or in the juvenile court's words, could be "adequately protected and represented by"—the parent. *See id.* The statute is mandatory. Where, as

3

here, a child does not have a court-appointed guardian, "the court [is] required to appoint a guardian ad litem" and "the court's failure to do so necessitates reversal of the court's order and remand for a new hearing." *Id.* (reversing a termination order and remanding after the court "declined to appoint a guardian ad litem, stating that a guardian ad litem was not necessary because petitioner in the termination proceeding was the child's mother and legal guardian, whose interests did not conflict with the interests of the child").

The mother offers no contrary interpretation of the statute. Rather, she contends that we should overlook the error because the father failed to preserve error. But the father raised this issue—asking the court to appoint a guardian ad litem. And the court decided it—expressly finding that each "child's interest[s] are adequately protected and represented by the petitioner and no GAL is necessary for the child[ren]." So error is preserved. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

The mother also argues that "[e]ven if the court erred in not appointing a guardian ad litem, a reversal or new trial is not necessary and does not serve the children's best interests." She contends that the father does not show "how this failure affected the ultimate outcome" and cannot "demonstrate any prejudice"—highlighting the lack of any evidence in the record "to suggest the termination of his parental rights is not in the best interests of the children." But this argument runs smack into our court's published precedent that the failure to appoint a guardian ad litem for a minor child is reversible error. *See D.L.B.*, 345 N.W.2d at 148. And despite the father relying on it, the mother makes no attempt to distinguish—or even

acknowledge—that controlling precedent. Neither does she ask us to overturn it. *Cf. State v. Laub*, 2 N.W.3d 821, 828 (Iowa 2024) (describing a district court as "duty-bound to apply" published court of appeals decisions).

That precedent also makes sense. The statute requires appointing a guardian ad litem to ensure that the children's best interests are presented to the court. *See* Iowa Code § 600A.6(2)(b) ("The guardian ad litem may make an independent investigation of the interest of the child and may cause witnesses to appear before the court to provide testimony relevant to the best interest of the minor child."). Indeed, the guardian ad litem is a "necessary party" to the case, *id.* § 600A.6(2)(a), who must be served with notice and "given an opportunity to be heard before the juvenile court" prior to entry of a termination order. *Id.* § 600A.6(1). This recognizes that a chapter 600A proceeding between two adversarial parents affects not just the parents' interests but also the interests of the children—whose relationship with one parent is permanently severed. *Cf. In re Marriage of Null*, No. 04-0873, 2005 WL 600243, at *3–4 (Iowa Ct. App. Mar. 16, 2005) (reversing an order disestablishing a father's paternity under chapter 600B for the court's failure to appoint the child a statutorily required guardian ad litem on the father's appeal, reasoning in part that "there is a possibility the adults are driven by interests inconsistent with those of [the child]" and guardian ad litem serves "to protect the interests of the child"). Without the guardian ad litem's appointment and participation here, the children's best interests were unprotected, and we have no idea whether they align with the mother's interests—especially given the father's lack of participation in the hearing.[1]

---

[1] Our published precedent is also in line with the weight of authority nationally holding that the failure to appoint a guardian ad litem or attorney for a child in a termination proceeding is reversible error when raised by a parent on appeal—often even when no objection was raised in the trial court. *See Newsome v. Porter*, No. M2011-0226,

Finally, the mother argues that the statutory requirement to appoint a guardian ad litem violates her equal-protection rights under the Iowa Constitution by treating parents differently than guardians. But she did not raise any constitutional challenges to the statute in the juvenile court. Nor did the juvenile court decide such a challenge. We thus cannot consider this issue for the first time on appeal. *See Meier*, 641 N.W.2d at 537. And to the extent that she tries to challenge any obligation to pay for the expenses of the guardian ad litem, that issue is not yet ripe for our consideration.

Bottom line, the juvenile court erred in failing to appoint a guardian ad litem for the two minor children. And so, we reverse the termination order and remand for the court to appoint a guardian ad litem and conduct a new termination hearing.

**REVERSED AND REMANDED.**

Buller, J., concurs in the judgment with Chicchelly, J., joining.

---

2012 WL 760792, at *2 (Tenn. Ct. App. Mar. 7, 2012); *In re MN*, 171 P.3d 1077, 1079–81 (Wyo. 2007); *In re J.L.S.*, 608 S.E.2d 823, 824–25 (N.C. Ct. App. 2005); *In re E.F.H.*, 751 A.2d 1186, 1188–90 (Pa. Super. Ct. 2000); *Vestal v. Vestal,* 731 So. 2d 828, 828–29 (Fla. Dist. Ct. App. 1999); *E.M.C. v. S.V.M.*, 695 So. 2d 576, 580–81 (Miss. 1997); *In re Adoption of F.R.F.*, 870 P.2d 799, 801–02 (Okla. Ct. App. 1994); *In re S.L.*, 599 N.E.2d 227, 228–30 (Ind. Ct. App. 1992); *Nichols v. Nichols*, 803 S.W.2d 484, 485–86 (Tex. App. 1991); *In re L.L.B.*, 353 S.E.2d 507, 508 (Ga. 1987); *In re Adoption of Doe*, 677 P.2d 643, 644 (N.M. Ct. App. 1984). *But see In re Dependency of S.M.M.*, 457 P.3d 1229, 1232–35 (Wash. Ct. App. 2020) (requiring parent to prove child was prejudiced by failure to appoint guardian ad litem before reversing for that error); *Sutton v. Elrod*, 724 So. 2d 551, 553 (Ala. Ct. App. 1998) (holding that failure to appoint guardian ad litem—which was a "preferred practice" but "not statutorily required"—was not alone reversible error); *In re E.F.*, 639 So. 2d 639, 642–48 (Fla. Dist. Ct. App. 1994) (holding that trial court that attempted to appoint guardian ad litem in good faith but did not receive one did not commit fundamental error).

**BULLER, Judge** (concurring in judgment).

I am not a fan of the outcome here, as I do not think harmless errors warrant reversal. There is no reason to think the mother in this case failed to represent the children's interests, nor is there any reason to think timely appointment of a guardian ad litem (GAL) would have changed the trajectory of this case. We thus reverse for a new trial, and delay permanency for the children at the heart of this case, for no good reason.

More than forty years ago, a panel of our court decided *In re D.L.B.*, 345 N.W.2d 147, 148 (Iowa Ct. App. 1983), and held with limited analysis that failure to appoint a GAL was automatic reversible error—regardless of prejudice. The mother does not ask us to overturn *D.L.B.,* and it is controlling as a published decision. But I doubt *D.L.B.* is correctly decided.

In our case law, "[i]t is well established that error that is harmless does not warrant reversal." *In re D.L.*, 401 N.W.2d 201, 204 (Iowa Ct. App. 1986). And our statutes say the same thing. *See* Iowa Code §§ 619.16 (2026) ("The court, in every stage of an action, must disregard any error or defect in the proceeding which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."), 624.15 ("No exception shall be regarded in an appellate court unless the ruling has been on a material point, and the effect thereof prejudicial to the rights of the party excepting.").

Writing on a clean slate, I would require a showing of prejudice to obtain reversal when a GAL is not appointed. But, given the command of stare decisis and the mother's failure to overtly request we overrule *D.L.B.*, I reluctantly concur in the judgment to reverse.

Chicchelly, P.J., joins this special concurrence.